LATHROP v. SELLECK.

(Supreme Court, Appellate Division. Fourth Department. March 11, 1902.)

BONA FIDE PURCHASER—EVIDENCE.

> The issues being whether a sale by N. to L., from whom plaintiff bought, was conditional, so that title did not pass till L. paid N. in full, and whether plaintiff was a bona fide purchaser, evidence of insolvency of L. when he purchased and when he sold, which it is not shown plaintiff knew or ought to have known, is incompetent and prejudicial.

Appeal from trial term, Oswego county.

Action by William A. Lathrop against Wilbur H. Selleck. From a judgment dismissing complaint on the verdict of a jury, and from an

order denying a motion on the minutes for a new trial, plaintiff appeals. Reversed.

The action is in replevin, and was commenced on the 20th day of October, 1896, to recover possession of certain personal property, alleged to be of the value of about $2,000, which the plaintiff claims belonged to him, and which he claims the defendant wrongfully and unlawfully took possession of on the 29th day of September, 1896, and converted to his own use. The property which is the subject of dispute consisted of hotel furniture and furnishings, and on and prior to September 2, 1896, was in the possession of the Lake Ontario & Riverside Railway Company, in a hotel which was being run by it. From time to time prior to that date the property had been purchased by the railway company from S. P. Pierce's Sons, of Syracuse, N. Y., to the amount of $675; from A. S. Norton & Co., of Oswego, N. Y., to the amount of $1,835.20; and from other merchants to the amount of about $1,200. On the day last mentioned the railway company assumed to sell to the plaintiff all of said property for the consideration of $1,282, $600 of which was paid in cash by the plaintiff, and the balance by assuming the payment of the account of S. P. Pierce's Sons; and the railway company executed a bill of sale of the property to the plaintiff, and delivered possession thereof to him. Thereafter, and on the 29th day of September, 1896, the furniture obtained from Norton & Co. not having been paid for, they commenced an action in replevin against the railway company to recover the same from it; claiming that the property was sold upon condition that the title to it should not pass, but should remain in Norton & Co. until fully paid for by the railway company. In that action the defendant, as sheriff of Oswego county, took possession of the property sold to the railway company by Norton & Co., which constituted a part of the property sold by the railway company to the plaintiff, and refused to deliver it to the plaintiff after demand made. Thereupon the plaintiff brought this action of replevin against the defendant to recover the property so taken by him at the instance of Norton & Co.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

W. P. Goodelle, for appellant.

D. P. Morehouse, for respondent.

McLENNAN, J. The only questions of fact submitted to the jury were whether or not the sale of the furniture by Norton & Co. to the railway company was a conditional sale,—the condition being that the title to the property should not pass until paid for,—or was such that the railway company became the absolute owner of the property, and was such at the time it assumed to sell and deliver the same to the plaintiff in this action, and whether or not the plaintiff was a bona fide purchaser of the same. The defendant was permitted, over plaintiff's objections and exceptions, to introduce a large amount of evidence tending to show that the railway company, from which the plaintiff purchased the goods in question, was insolvent when it purchased the same from Norton & Co., and also when it sold them to the plaintiff. We are of the opinion that the admission of such evidence constituted reversible error. The evidence was not material, and had no bearing upon any issue submitted to the jury. If the sale by Norton & Co. to the railway company was a legal conditional sale, and of such a character that the title did not pass until the goods were paid for, the solvency or insolvency of the railway company was of no consequence, because, its interest and right to the possession of the goods having terminated on account of its failure to pay according

to the terms of the sale, Norton & Co. were entitled to retake them, and upon so doing became the absolute owners of the same. Under such a sale Norton & Co. would have had the right to retake the goods, even if the railway company had been entirely solvent. Their rights in the premises could in no manner be affected because of the fact that the railway company was solvent or insolvent, and so proof of that fact was immaterial and incompetent for the purpose of establishing the character of the sale. Many of the facts proven which tended to establish the insolvency of the railway company, and which were objected to, were in no manner shown to have been known to the plaintiff when he purchased the goods from the railway company, and therefore were not competent for the purpose of showing that he was not a bona fide purchaser of the goods in question.

If we assume that the alleged conditional sale was valid as between Norton & Co. and the railway company, it could have no binding force or effect as against the plaintiff, under the proof in this case, if he was a bona fide purchaser; and any fact which existed as to the financial condition of the railway company was not competent to impeach his bona fides, unless such fact was known, or ought to have been known, by him. It is urged by the learned counsel for the respondent that it was proper to show the insolvency of the railway company for the purpose of bringing the transfer by it to the plaintiff within the statute prohibiting transfers by insolvent corporations, or by those whose insolvency is imminent. A sufficient answer to that suggestion is that no such issue was submitted to the jury. It is true, defendant's counsel asked the court to charge, and it did charge, the statute; but the court nowhere pointed out its applicability, if any, to the facts of the case at bar, and the jury was not in any manner instructed what effect should be given to the provision of the statute in determining the rights of the respective parties. Without going over the evidence in detail, bearing upon the question of the railway company's insolvency, which was objected to, we think it clear that at least such of the facts proven as were not shown to have come to the knowledge of the plaintiff at the time he purchased the goods in question were incompetent, and had no bearing upon any issue which was submitted to the jury for its determination. It cannot be said that the evidence was not prejudicial to the plaintiff. It is apparent that the financial condition of the railway company, as disclosed by the evidence, would materially influence the determination of the jury. The jury would naturally give weight to the fact that an insolvent corporation had obtained Norton & Co.'s goods, and that while insolvent it had sold them to the plaintiff for much less than the purchase price,—perchance, for less than their value; and such considerations would be quite likely to influence the determination of the questions submitted to the jury by the court,— especially so when the questions submitted were presented in such a manner as to leave the important issues somewhat obscured.

Numerous other objections were made by the plaintiff to the rulings of the court in receiving and excluding evidence, to which exceptions were duly taken; but, in view of the fact that a new trial must be had because of the error committed in receiving evidence of the railway company's insolvency, we deem it unnecessary to discuss the other ex-

ceptions presented by the record. It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed upon questions of law only, and a new trial ordered, with costs to the appellant to abide event. All concurred.